IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM P. ISHAM,

    Plaintiff,

vs.                                                      No. Civ. 99-886 SC/DJS

PHYLLIS WILCOX, in her individual
and official capacities; GARLAND BILLS,
in his individual and official capacities;
MICHAEL FISCHER, in his official
capacity; SHERMAN WILCOX, in his
individual and official capacities; and
THE BOARD OF REGENTS OF
THE UNIVERSITY OF NEW MEXICO,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss, filed January 19, 2000 [Doc. No. 17]. Defendants' motion is pursuant to Fed. R. Civ. P. 12(b)(6) – dismissal for failure to state a claim upon which relief can be granted. For the reasons set forth below, I shall partially grant and partially deny Defendants' motion.

**I.    STANDARD OF REVIEW**

Granting a motion to dismiss for failure to state a claim "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586-87 (10th Cir. 1994) (internal quotations omitted); see Ayala v.

Joy Mfg. Co., 877 F.2d 846, 847-48 (10th Cir. 1989). When ruling on a Rule 12(b)(6) motion, a court must construe the plaintiff's complaint liberally and all well-pleaded allegations in the complaint must be accepted as true. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 510 (10th Cir. 1998); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). While all reasonable inferences must be indulged in favor of the plaintiff, conclusory allegations need not be taken as true. See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1228 (10th Cir. 1987); Swanson, 750 F.2d at 813; see also Doyle v. Oklahoma Bar Assoc., 998 F.2d 1559, 1566 (10th Cir. 1993) ( We . . . confin[e] our review to the allegations of the complaint and tak[e] them as true."). A claim may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). The issue in reviewing the sufficiency of a complaint "is not whether a plaintiff will ultimately prevail, but whether the [plaintiff] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

Plaintiff filed in this Court a six-count Complaint for civil rights violations under the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1988 and for assorted state law violations. Plaintiff seeks injunctive and declarative relief, compensatory damages, punitive damages, and attorneys' fees and costs.[1] Discovery has been stayed pending my ruling on Defendants' motion.

Plaintiff was recruited by the University of New Mexico (UNM) Department of Linguistics (Department) in the fall of 1992. He commenced employment with the Department in January 1993. Plaintiff noted that several members of the Department had poor American Sign Language (ASL) skills. Consequently, for the next two years Plaintiff, with others, attempted to have the Department's curriculum revised. In 1997-1998, the Department's Signed Language Interpreting Program was revised. Included in the changes was the removal of Defendant Phyllis Wilcox as Coordinator of the Program. Defendant Phyllis Wilcox is hearing impaired and uses Signed English rather than ASL. Following her removal as Coordinator, Defendant Phyllis Wilcox is believed to have intensified a "dirty tricks" campaign against Plaintiff in an attempt to cast Plaintiff in a negative light in the Department. These acts included entering Plaintiff's

---

[1] Injunctive and declaratory relief and attorneys' fees and costs are sought against Defendant Board of Regents and against the individual Defendants in their official capacities. Compensatory damages, punitive damages, and attorneys' fees and costs are sought against Defendant Board of Regents and against the individual Defendants in their individual capacities. (Defendant Fischer is sued only in his official capacity.)

office after hours and entering Plaintiff's computer and files; canceling a contract Plaintiff had arranged; misdirecting or failing to forward telephone calls; destroying messages for Plaintiff; and failing to forward mail addressed to the Coordinator which was misdirected to her. Defendant Phyllis Wilcox also is believed to have placed Plaintiff's name on mailing lists for explicit pornography, including gay pornography, which arrived in Plaintiff's Department mail box in the presence of students; questioned Plaintiff's dedication to sign interpretation and the hearing-impaired community in general to Department students; and engaged in threatening conduct, including giving poor grades, against those students she viewed as supportive of Plaintiff. (During this time, Plaintiff began to realize that Department students were no longer speaking to him.) Defendant Phyllis Wilcox also attempted to block the hiring of part-time instructors and to interfere with teaching assignments. Defendant Phyllis Wilcox eventually filed an EEOC claim for discrimination based on disability against the Department, targeting Plaintiff in particular.

Throughout the time Defendant Phyllis Wilcox engaged in her campaign of harassment and sabotage, Plaintiff complained repeatedly to the Department's Chair, Defendant Bills, and asked him to take appropriate action. The Department was well aware of Defendant Phyllis Wilcox's actions. (In fact, the Department previously had been sued by another individual, who maintained that Defendant Phyllis Wilcox engaged in a pattern of "dirty tricks" almost identical to that alleged by Plaintiff, including

questioning his integrity and commitment to the hearing-impaired community and placing his name on mailing lists for explicit gay pornography.)  No action, however, was taken against Defendant Phyllis Wilcox, particularly after she filed her EEOC claim.

As a result of Defendant Phyllis Wilcox's daily harassment and sabotage, Plaintiff suffered a mental breakdown in December 1998.  Plaintiff was forced to take sick leave.

In the spring of 1999, a six-person committee met to review the tenure of Plaintiff.  At the time, Defendant Phyllis Wilcox's husband, Defendant Sherman Wilcox, was a Department professor.  Defendant Sherman Wilcox acted in concert with other Defendants to effectuate Plaintiff's denial of tenure and termination.  Defendant Sherman Wilcox took steps to place himself on Plaintiff's tenure review committee. The tenure review committee was biased in favor of the Wilcoxes.  The vote of the committee was two in favor of tenure, two against, and two abstentions.  Defendant Bills broke the tie and voted against giving Plaintiff tenure.  This decision was approved in July 1999 by the UNM Dean of the College of Arts and Sciences, Defendant Fischer.

Plaintiff alleges that Defendants Fischer and Bills, at all times material, acted under color of state law and within the course and scope of their employment with UNM.  Contrary to Defendants' contention, no such allegation is made as to the remaining Defendants.  Plaintiff does not specify whether he is suing Defendant Board of Regents in both its official and individual capacities or in only one of those capacities.  It is unclear whether Counts I, II, III, IV, and V are as to all Defendants or as to only some of

them.[2]  Finally, it is unclear from the Complaint what Plaintiff's current employment status with UNM is.  Although not explicitly alleged, it appears from the Complaint that Plaintiff was not only denied tenure, but that he also was terminated via nonrenewal of his contract.

## III.    DISCUSSION

### A.  § 1983 Claim - Property Right Interest

In Count I of his Complaint, Plaintiff alleges that he had a property interest in tenure and continued employment.  Plaintiff further contends that Defendants' willful, malicious, arbitrary, and irrational actions (including the failure to provide him a tenure review before an impartial tribunal) deprived him of this interest without the procedural and substantive due process required by the Fourteenth Amendment to the United States Constitution.  Defendants' responsive arguments include: (1) Plaintiff has no protected property interest in receiving tenure; (2) even if Plaintiff did have a protected property interest, Plaintiff was afforded all the process that was to due to him; (3) there is no substantive due process right in public employment cases; (4) substantive due process protection is not extended to Fourteenth Amendment rights or to executive (non-legislative) acts; (5) the individual Defendants in their individual capacities are protected by qualified immunity; and (6) Plaintiff has failed to allege sufficient facts in the Complaint to identify the wrongdoing of each individual Defendant, and, thus, there is

---

[2] Count VI is alleged specifically against the Wilcox Defendants.

no basis for the personal liability of these Defendants. Although not raised by Defendants, Eleventh Amendment immunity also is a possible defense.

1.      Procedural Due Process

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). When protected interests are implicated, some kind of procedural process is due. See id. at 569-70 and n.7; see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). "A fundamental principle of procedural due process is a hearing before an impartial tribunal." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 518 (10th Cir. 1998).

To state a procedural due process claim based on an adverse employment decision, Plaintiff first must establish a deprivation of a property interest. See Bishop v. Wood., 426 U.S. 341, 343-47 (1976); Bunger v. University of Okla. Bd. of Regents, 95 F.3d 987, 990 (10th Cir. 1996); Conaway v. Smith, 853 F.2d 789, 793 (10th Cir. 1988). An employee must articulate how the law guaranteed his or her continued employment or tenure in the sense that he or she had a legitimate entitlement. See Roth, 408 U.S. at 577. Neither the United States Constitution nor the Constitution's Due Process Clause itself automatically creates a property interest. Rather, a property interest is created from "an independent source, such as state law." Id.

The independent sources that may give rise to a property interest in continued employment or tenure vary. Property interests may be created by a state or federal statute, a municipal charter or ordinance, or an express or implied contract. See Bishop, 426 U.S. at 344; Perry v. Sindermann, 408 U.S. 593, 601-02 (1972); Carnes v Parker, 922 F.2d 1506, 1509 (10th Cir. 1991). While substantive restrictions on termination or denial of tenure create property interests, procedural guarantees do not. See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); Bunger, 95 F.3d at 990-91 (guidelines in employee handbook providing for certain procedures in considering professor's reappointment did not create property right in reappointment). "Only a formal guarantee of continuing employment [or tenure] under color of state law" creates a property interest. Bunger, 95 F.3d at 991. The Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions. See Bishop, 426 U.S. at 350.

Plaintiff has provided no source for his alleged property interest in receiving tenure and continued employment. New Mexico statutory law does not create any such interest. See N.M. Stat. Ann. § 21-1-7 (1996 Repl. Pamp.) (cause required for removal of faculty member during term for which he has been elected or appointed); see also id. § 21-7-9 (Regents have power to remove any officer connected with UNM when, in their judgment, the interests require it). There is no allegation as to this claim that such an interest was created by an employee handbook, an explicit or implied contract, or other

8

mutually explicit understanding.³ See Sanchez v. Baca, No. 98-2159, 182 F.3d 933, 1999 WL 373177 at *3 (10th Cir. June 9, 1999) (unpublished disposition) (citing Sullivan v. School Bd. of Pinellas County, 773 F.3d 1182, 1185 (11th Cir. 1985)); see also Perry, 408 U.S. at 601-02; Carnes, 922 F.2d at 1509-10.  Therefore, Plaintiff has no protected property interest in receiving tenure or continued employment with UNM and I need not reach the issue of whether Plaintiff received sufficient process.  Absent a protected property interest, he was not entitled to any process at all.  See Roth, 408 U.S. at 569.  I also need not reach the issues of whether any of the Defendants are entitled to Eleventh Amendment or qualified immunity or whether the claims against the individual Defendants are sufficiently alleged.

2.      Substantive Due Process

Substantive due process requires that a protected property interest not be terminated in an arbitrary or capricious manner, without a rational basis, or in a manner shocking to the conscious.  See Tonkovich, 159 F.3d at 528-29; Brenna v. Southern Colo. State College, 589 F.2d 475, 476 (10th Cir 1978).  As explained above, Plaintiff has no property interest protected by the Fourteenth Amendment in receiving tenure or in

---

³ In Count V (breach of implied contract of employment), Plaintiff alleges that oral assurances made regarding his employment in combination with written assurances contained in the UNM Employee Manual (and the customs and practices of UNM) amounted to an implied contract of employment. Plaintiff further alleges in Count V that under the terms of this implied contract, he was not to be denied tenure or terminated without cause.  These allegations are not made in Count I nor are they elaborated on anywhere in the Complaint.  (Plaintiff in his Response also made no mention of the source of his property interest.)  These allegations are insufficient to establish that Plaintiff had a property interest in tenure or continued employment.

9

continued employment. Consequently, the Fourteenth Amendment's substantive due process protections are not implicated in this case and Plaintiff's substantive due process claim based on a property interest must be dismissed. I need not reach the other issues raised as to this claim.

**B. § 1983 Claim - Liberty Interest**

In Count I of his Complaint, Plaintiff also alleges that he had a liberty interest in his reputation in the academic community and in his good name. Plaintiff contends that Defendants' actions deprived him of this interest without the procedural and substantive due process required by the Fourteenth Amendment to the United States Constitution. Defendants' defenses are equivalent to those described for Plaintiff's property interest claim.

"To show a deprivation of a liberty interest, [P]laintiff must show the (1) publication (2) of false statements (3) impugning [his] good name or reputation . . . (4) which occurred in the course of terminating [him] or which foreclosed other employment opportunities." Harjo v. Varnum Public Sc., No. 98-7023, 166 F.3d 347, 1998 WL 817754 at *3 (10th Cir. Nov. 27, 1998) (unpublished disposition) (citing Watson v. University of Utah Med. Ctr., 75 F.3d 569, 579 (10th Cir. 1996)); see Codd v. Velger, 429 U.S. 624, 627-28 (1977); Bishop, 426 U.S. at 348; Paul v. Davis, 424 U.S. 693, 709-10 (1976); Roth, 408 U.S. at 573-74; Melton v. City of Okla. City, 928 F.2d 920, 926-27 (10th Cir. 1991) (en banc). Plaintiff's allegations fail to satisfy the above

10

four-part test. For example, Plaintiff has not alleged in Count I that Defendants publicized false and stigmatizing statements about him which foreclosed other employment opportunities or which were publicized during the course of his denial of tenure or termination. Plaintiff's allegations, thus, do not rise to the level of a constitutional violation and his liberty interest claim must fail. I need not address the other possible bases for dismissal.

**C. § 1983 - Equal Protection Clause Claim**

In Count II, Plaintiff contends that because, in whole or part, of Defendant Phyllis Wilcox's status as a hearing-impaired person and because she filed an EEOC claim against UNM, his complaints about the actions of Defendant Phyllis Wilcox were not addressed and remedied by (the remaining) Defendants. Furthermore, not only did (the remaining) Defendants fail to appropriately discipline Defendant Phyllis Wilcox because of her status, but she was given highly preferential treatment. Plaintiff further contends that Defendants' conduct constitutes purposeful discrimination based on a person's status, in violation of the Equal Protection Clause. Defendants' response mirrors it response to Plaintiff's property and liberty interest claims. (The Eleventh Amendment also partially may bar this claim.) Assuming the Equal Protection Clause is implicated by Plaintiff's claims, the parties contest the applicable level of scrutiny – strict, heightened, rational basis-plus, or rational basis.

According to the Fourteenth Amendment's Equal Protection Clause, a state shall not "deny to any person within its jurisdiction the equal protection of the law." U.S. Const. amend. XIV, § 1. As a general rule, states "must treat like cases alike but may treat unlike cases accordingly." Vacco v. Quill, 521 U.S. 793, 799 (1997); see City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-42 (1985). Unless a "classification or distinction burdens a fundamental right or targets a suspect class, courts will uphold it if it is rationally related to a legitimate end." Tonkovich, 159 F.3d at 532. Plaintiff implicitly alleges in Count I that he is a victim of reverse disability discrimination – of "disability conscious" decision-making. Pl.'s Resp. at 9. The Tenth Circuit has held, however, that physical disability does not constitute a "suspect classification" for purposes of equal protection analysis. See Davoll v. Webb, 194 F.3d 1116, 1145 (10th Cir. 1999); see also City of Cleburne, 473 U.S. at 442-43 (mentally disabled not quasi-suspect class). "Thus, in order to prevail on his equal protection claim, [Plaintiff] must show that [Defendants] treated him differently than others 'similarly situated . . . and that this different treatment lacked a rational basis.'" Tonkovich, 159 F.3d at 532 (quoting Landmark Land Co. of Okla. v. Buchanan, 874 F.2d 717, 722 (10th Cir. 1989)).

Plaintiffs fails to meet the first prong of the equal protection test. Plaintiff alleges that because Defendant Phyllis Wilcox is hearing-impaired and has filed an EEOC claim she was not disciplined for her improper and malicious conduct against Plaintiff. Plaintiff, however, has not alleged that he and Defendant Phyllis Wilcox were similarly

situated but treated differently. For example, Plaintiff has not alleged that he behaved in the same abhorrent manner as Defendant Phyllis Wilcox and was disciplined or that Defendant Phyllis Wilcox was up for tenure and was treated differently than he was. Therefore, Plaintiff has failed to allege an Equal Protection Clause claim and Count II must be dismissed. I need not address whether Defendants' actions had a rational (or rational-plus) basis or whether Defendants are entitled to Eleventh Amendment or qualified immunity as to this claim.

**D. State Law Claims**

I have dismissed all of Plaintiff's federal claims. All that remain are his state law claims (Counts III (detrimental reliance/promissory estoppel), IV (prima facie tort), V (breach of implied contract of employment), and VI (defamation)). Pursuant to 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over these claims.[4] Therefore, I sua sponte will dismiss without prejudice Plaintiff's state law claims.

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motion to Dismiss, filed January 19, 2000 [Doc. No. 17], is hereby PARTIALLY GRANTED and PARTIALLY DENIED. Counts I and II (federal law claims) are DISMISSED for failure to state a claim.

---

[4] I note also that the Eleventh Amendment partially may bar supplemental jurisdiction in this case. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119-23 (1984).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1367(c)(3), Counts III, IV, V, VI (state law claims) are sua sponte DISMISSED WITHOUT PREJUDICE. Plaintiff may refile these counts in state court.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff: Hannah B. Best, HANNAH BEST & ASSOCIATES, Albuquerque, New Mexico

Counsel for Defendants: Paula Forney and Cheryl O'Connor, LEGAL BUREAU/RISK MANAGEMENT DIVISION, STATE of NEW MEXICO, Santa Fe, New Mexico